UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KERMIT DARYL TANNER,<br>Defendant. | Case Nos. 17-cr-00347-VC-1<br>17-cr-00383-VC-1<br>**ORDER RE PRETRIAL MOTIONS**<br>Re: (17-cr-00347-VC-1) Dkt. Nos. 76, 85, 86; (17-cr-00383-VC-1) Dkt. Nos. 104, 112, 113, 114, 117 |

The parties' pretrial motions are disposed of as follows:

**The Government's Motion to Compel (No. 17-cr-00347-VC-1, Dkt. No. 76; No. 17-cr-00383-VC-1, Dkt. No. 104)**

The motion to compel is granted. Tanner is required to answer the psychiatrist's questions, even if they pertain to the facts of the case. Defense counsel is also not permitted to be present during the evaluation. The government is required, however, to assure that, at minimum, the session is recorded for defense counsel's review.

**The Government's Motions in Limine (No. 17-cr-00347-VC-1, Dkt. No. 86; No. 17-cr-00383-VC-1, Dkt. No. 114)**

*Motion in Limine No. 1*: In light of the seemingly incontrovertible evidence provided by the government, it seems unlikely that Tanner will be able to provide testimony that, if believed by the jury, would support an entrapment defense. *Cf. United States v. Kessee*, 992 F.2d 1001, 1003-04 (9th Cir. 1992) (concluding that although the defendant's testimony was not particularly believable, it would, if believed, contradict the government's evidence in a way that supported an

entrapment defense). However, without hearing Tanner's testimony, and without hearing the testimony of any other witnesses Tanner may present at trial, the Court cannot conclude to a certainty that Tanner will be unable to provide testimony to support an entrapment defense. Accordingly, although after the presentation of evidence Tanner may well be denied an entrapment instruction, the Court cannot bar him, at his stage, from attempting to lay the groundwork for such a defense at trial. The government's motion to preclude Tanner from presenting an entrapment defense is denied, without prejudice to arguing after the close of evidence that an entrapment instruction should not be given.

*Motion in Limine No. 2*: The unopposed motion to preclude selective enforcement or selective prosecution arguments at trial is granted.

*Motion in Limine No. 3*: The unopposed motion to preclude reference in defense counsel's opening statement to facts that will not reasonably be supported by evidence at trial is granted.

*Motion in Limine No. 4*: The unopposed motion to preclude evidence that should have been disclosed to the government during discovery is granted.

*Motion in Limine No. 5*: The unopposed motion to preclude defense counsel from referencing punishment or otherwise making arguments for the sole purpose of jury nullification is granted.

*Motion in Limine No. 6*: For the reasons stated on the record, the motion to limit the evidence that can be used to impeach the confidential informant is deferred until closer to the time when the informant will testify at trial.

*Motion in Limine No. 7*: The government's proposed measures to protect the identity of the confidential informant are granted. This includes the request, made at the pretrial conference, to anonymize the informant's name on the trial transcripts.

*Motion in Limine No. 8*: The government will be permitted to introduce evidence of Tanner's bad acts, especially to rebut his theory of entrapment. Therefore, the government's motion to introduce evidence pertaining to Tanner's 2009 conviction for cocaine possession,

Tanner's discussion of home burglaries and other bad acts with the confidential informant, Tanner's discussion of a potential meth transaction, and his coordination of further crack transactions is granted.

*Motion in Limine No. 9*: The parties stipulated, on the record, to allow all texts and phone calls between Tanner and the confidential informant to be admitted into evidence. Therefore, the motion regarding the admissibility of Tanner's prior statements is moot.

*Motion in Limine No. 10*: The motion to introduce Esqueda Perez's statements from January 2 to January 5, 2016 is granted, regardless of whether Tanner was part of the conspiracy by that time, assuming the government first presents evidence at trial that Esqueda Perez was part of the conspiracy with someone at the time he made those statements.

*Motion in Limine No. 11*: The unopposed motion to preclude Tanner from arguing he isn't a prohibited person is granted.

*Motion in Limine No. 12*: The motion to exclude Tanner's neuropsychiatric expert testimony is deferred until a *Daubert* hearing. The parties are ordered to file a stipulation within 7 days of this order setting a schedule for that hearing.

**Tanner's Motions in Limine (No. 17-cr-00347-VC-1, Dkt. No. 85; No. 17-cr-00383-VC-1, Dkt. No. 113)**

*Motion in Limine No. 1*: Hearsay evidence will not be permitted at trial except when it falls within one of the exceptions in the Federal Rules of Evidence or is otherwise permitted by the Court.

*Motion in Limine No. 2*: Like the government's Motion in Limine No. 12, Tanner's motion to admit his neuropsychiatric expert testimony is deferred until a *Daubert* hearing.

*Motion in Limine No. 3*: For the reasons stated on the record, the motion to compel discovery regarding additional communications between the confidential informant and Esqueda-Perez, and regarding unredacted police reports involving the confidential informant, are denied.

*Motion in Limine No. 4*: The government confirmed that all prior statements of the witnesses it intends to call at trial have or will be turned over. The request to compel production of grand jury transcripts beyond those required under the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2, is denied. Tanner argues that Federal Rule of Evidence 801(d)(2) requires production of grand-jury statements by individuals who will not testify at trial. But the Federal Rules of Evidence are not a means by which Tanner can compel production of discovery; they are a set of rules for the admissibility of evidence at trial.

*Motion in Limine No. 5*: Witnesses will be excluded from the courtroom when they are not testifying with the exception of ATF Special Agent Andrea Buenaventura, the case agent.

*Motion in Limine No. 6*: Individual copies of jury instructions will be allowed in the jury room during jury deliberations.

*Motion in Limine No. 7*: The motion to keep the indictment out of the jury room during deliberations is granted. Moreover, to avoid unnecessary confusion, the jury instructions will not reference the indictment.

*Motion in Limine No. 8*: The unopposed motion to preclude the government from improperly vouching for its witnesses is granted.

**Tanner's Motion to Sever, Waive Jury Trial, and Admit Declaration of Culpability**

The motion is denied for the same reasons the Court granted the motion to consolidate the cases. *See* Dkt. No. 61. The allegations in both indictments are part of the same course of conduct, and the gun charges are even more relevant to the drug charges in light of Tanner's intention to present an entrapment defense. Tanner has asserted that he does not plan to contest the gun charges at trial; if he doesn't want them to go to the jury, he can plead guilty to them. However, the underlying conduct will remain relevant at the trial on the drug charges.

**Tanner's Motion to File Ex Parte and Under Seal**

The motion to file ex parte and under seal his theory of the case for purposes of supporting his argument in favor of permitting an entrapment defense at trial is granted.

**DMV's Motion to Quash**

The California Department of Motor Vehicle's Motion to Quash Tanner's subpoena is granted. (No. 17-cr-00383, Dkt. No. 117).

**IT IS SO ORDERED.**

Dated: November 1, 2018

_____
VINCE CHHABRIA
United States District Judge